## Dietrich *v.* Dietrich, Appellant.

*Rent—Will—Payment into court—Lis pendens—Practice, C. P.*

In an action for rent where the defendant in his affidavit of defence admits rent due, but denies the right of plaintiff to recover pending a contest over the will under which she claims the demised premises, the court will enter judgment against defendant and order him to pay the money into court pending the contest over the will.

Argued Jan. 31, 1893. Appeal, No. 63, Jan. T., 1893, by defendant, Florent Dietrich, from order of C. P. Montgomery Co., June T., 1891, No. 115, making absolute a rule for judgment for want of a sufficient affidavit of defence. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Assumpsit for rent.

Plaintiff in her statement averred that the premises for which rent was claimed had been devised to her by her husband. Defendant in his affidavit of defence admitted that $141 was due for rent, but denied plaintiff's right to recover pending a contest over the will under which she claimed the demised premises.

The opinion of the court below was as follows, by WEAND J. :

" The defendant admits that $141 is due for rent, but denies plaintiff's right to recover pending the contest over the alleged will of Mathieu Dietrich. An issue has been directed to test the validity of the will, and pending this contest it is the duty of the court to protect all parties interested. This can be done by entering judgment for the amount admitted, and directing its payment into court to abide our further order.

" And now, Sept. 19, 1892, judgment is directed to be entered in favor of plaintiff and against the defendant for the sum of $141, with interest from commencement of suit and costs, and defendant is permitted to pay said amount into court, which payment is to relieve him from any further liability for or on account of said amount, and upon said money so being paid in, or in the event of its being realized by process of law, the prothonotary will impound the same until the further order of the court."

*Error assigned* was above order.

*Webster A. Melcher*, for appellant, cited, Wall v. Wall, 123 Pa. 552; Cochran v. Young, 104 Pa. 333.

*N. H. Larzelere* and *M. M. Gibson*, not heard, for appellee, cited, Wilson v. Gaston, 92 Pa. 207; McCort's Ap., 98 Pa. 33; Cochran v. Young, 104 Pa. 333.

PER CURIAM, February 13, 1893:
Judgment affirmed.

# Philadelphia, to use, Appellant, *v.* Spring Garden Farmers' Market Co.

*Streets—Paving—Street Railways—Affidavit of defence.*

An affidavit of defence to a municipal claim for street paving is sufficient to prevent judgment, which avers that the street upon which the paving was done is occupied by the tracks of a street railway company which, under the act of April 8, 1864, P. L. 296, is required to pave, repave and repair any streets which it occupied with its tracks.

Argued Jan. 27, 1893. Appeal, No. 75, Jan T., 1893, by plaintiff, to use of William A. Nestor, from order of C. P. No. 1, Phila. Co., Sept. T., 1891, No. 583, M. L. D., discharging rule for judgment for want of a sufficient affidavit of defence. Before PAXSON, C. J., STERRETT, WILLIAMS, MCCOLLUM, MITCHELL and DEAN, JJ.

Scire facias sur municipal claim.

The affidavit of defence was as follows:

" The claim on which this writ issued seeks to enforce a charge against the property therein described, to wit, on the south side of Spring Garden street, between Tenth street and Eleventh street, of which the defendant is the owner, for paving so much of the unpaved space of Spring Garden street as was reserved for market purposes and occupied by the old Spring Garden market sheds, and as was in front of the defendant's property.

" Deponent further saith that at the time the paving of the market plots was authorized, and when the same were paved, Spring Garden street was occupied in front of defendant's prop·